# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| TERRYETT O. WOODS, | |
| Plaintiff, | Case No. 2:16-cv-01021-GMN-VCF |
| vs. | **ORDER AND REPORT & RECOMMENDATION** |
| HERBERT LEE MERRIWEATHER, | |
| Defendants. | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) |
| | COMPLAINT (ECF NO. 1-1) |

This matter involves Plaintiff Terryett Woods's civil action against Herbert Merriweather. (ECF No. 1-2). Before the court are Woods's application to proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). For the reasons stated below, Woods's application to proceed *in forma pauperis* is granted and she may proceed with this action. It is recommended that Woods's complaint be dismissed with prejudice.

### I.   *In Forma Pauperis* Application

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations emitted).

1

Here, Woods's application to proceed i*n forma pauperis* states that she receives only $1015.00 a month from disability or worker's compensation. Woods' expenses are $500.00 for housing, $40.00 for transportation, and $50.00 for phone services. Accordingly, Woods's application is granted.

## II.    Section 1915(e) Screening

Under section 1915(e), upon granting a request to proceed *in forma pauperis*, a court must screen a complaint to determine whether the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). To consider whether a complaint has stated a claim upon which relief can be granted, the court must accept all material allegations as true and construe said allegations in the light most favorable to the Plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). If the complaint should be dismissed under section 1915(e), the Plaintiff should be allowed to amend the complaint to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The court should dismiss Wood's complaint. Woods filed a 42 U.S.C. § 1983 action in the District of Utah. It appears Woods missed a filing deadline, and the Utah court dismissed her action with prejudice. Woods now moves to "reinstate" her case. In support of her request, Woods argues that she feels the Utah court had "no right" to dismiss her action. The court construes Woods' request as a motion to set aside the Utah dismissal. Federal Rule of Civil Procedure 60 provides six grounds for a court to set aside a judgment.[1] Mere disagreement however is not a ground to set aside judgment. *Williams v. Baker,*

---

[1] A federal court may only relieve a moving party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) new evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, is based on an earlier judgment that has been vacated or reversed, or it is no longer equitable; and (6) any other reason justifying relief. Fed. R. Civ. P. 60.

No. 2:98-CV-0056-PMP-VCF, 2013 WL 545226, at *6 (D. Nev. Feb. 11, 2013).  The court therefore does not have grounds to set aside Woods' dismissal.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Ms. Woods is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security.  This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS RECOMMENDED that Ms. Woods's Complaint (ECF No. 1-1) be DISMISSED with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing

\\\

\\\

3

party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. LSR 2-2.

DATED this 18th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE