# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TERRYETT O. WOODS, )
                                              )
           Plaintiff, )      Case No.: 2:16-cv-01021-GMN-VCF
   vs. )
                                              ) **ORDER**
HERBERT LEE MERRIWEATHER, )
                                             )
          Defendant. )
                                             )

Pending before the Court is the Report & Recommendation ("R&R") by the Honorable Magistrate Judge Cam Ferenbach, which recommends dismissing this case with prejudice. (R&R, ECF No. 2). Plaintiff Terryett O. Woods filed an Objection. (ECF No. 3).[1] For the reasons stated herein, the Court accepts and adopts the R&R in full.

## I. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## II. DISCUSSION

This action concerns Plaintiff's request to reinstate her 42 U.S.C. § 1983 claim against Defendant Herbert Lee Merriweather. (Compl. at 3, ECF No. 1-1). Plaintiff initially filed her case in the District of Utah, but the court dismissed the action with prejudice after Plaintiff

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

missed a filing deadline. (*Id.*). Plaintiff argues that the Utah court had "no right" to dismiss her case. (*Id.*).

In the R&R, Judge Ferenbach construes Plaintiff's Complaint as a request to set aside the Utah court's dismissal order under Federal Rule of Civil Procedure 60. (*See* R&R 2:17–18, ECF No. 2). According to Judge Ferenbach, the Complaint only presents a mere disagreement with the Utah court and therefore does not provide sufficient grounds to set aside a judgment. (*Id.*); *see also Anoruo v. McDonald*, No. 2:16-CV-441-GMN-NJK, 2017 WL 4158613, at *1 (D. Nev. Sept. 19, 2017). Judge Ferenbach therefore recommends dismissing Plaintiff's Complaint with prejudice. (R&R 2:19–3:2).

Plaintiff objects to the R&R in two respects. First, Plaintiff argues that she met the deadlines in the Utah case and therefore dismissal was erroneous. (Objection at 2, ECF No. 3). Second, Plaintiff argues that the Utah court's dismissal order constitutes a "mistake" because she is *pro se* and "not sure what a timely matter consists of." (*Id.*).

Upon review, the Court finds that Plaintiff's objections lack merit. First, to the extent Plaintiff believes that reconsideration of the Utah decision is appropriate, her remedy was to seek appropriate relief in that case. *See* Fed. R. Civ. P. 60. Second, it is well-established that a party's *pro se* status does not absolve procedural obligations. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Finally, even if Plaintiff's objections were properly raised, Plaintiff fails to provide evidence demonstrating the timeliness of her filings in the Utah action. The Court therefore dismisses this case with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Report & Recommendation, (ECF No. 2), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1-1), is dismissed with prejudice.

The Clerk is instructed to close the case.

**DATED** this __24__ day of May, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge